UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JOHN MURRAY,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No. 2:22-CV-323 JD

**OPINION AND ORDER**

    Plaintiff John Murray appeals the denial of his claim for supplemental security income. For the following reasons, the Court will remand this matter to the Commissioner for further proceedings consistent with this opinion.

    **A. Background**

    Mr. Murray applied for supplemental security income on July 8, 2020, alleging disability since June 1, 2005. (R. at 15.) Mr. Murray alleges a disability based on Autism Spectrum Disorder, Attention Deficit Hyperactive Disorder ("ADHD"), and Unspecified Neurodevelopmental Disorder. (*Id.*) In October 2020 and May 2021, the Social Security Administration denied Mr. Murray's claim at the initial and reconsideration levels of review. (R. at 80, 93.)

    Mr. Murray appealed and an Administrative Law Judge ("ALJ") held a hearing on his claims in November 2021. During the course of the hearing, the ALJ heard testimony from Mr. Murray and his mother Ms. Thurman about Mr. Murray's conditions. The ALJ also heard testimony from an impartial vocational expert ("VE") about the possibility of Mr. Murray being

able to work in spite of his conditions. The ALJ denied Mr. Murray's claim in a written decision issued in March 2022. (R. at 15–24.) The ALJ found that while Mr. Murray suffered from several severe impairments, no individual impairment or combination of impairments was equal in severity to the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix. (R. at 17–19.) The ALJ also found that based on her residual functional capacity ("RFC") determination and the testimony of the VE, that there were a significant number of jobs in the national economy which Mr. Murray could perform with his conditions. (R. at 23–24.) Accordingly, the ALJ found that Mr. Murray was not disabled for the purpose of awarding Social Security benefits. Mr. Murray requested that the Appeals Council review the ALJ's decision, but the Council denied that request in August 2022. (R. at 1.)

### B. Standard of Review

Because the Appeals Council denied review, the Court evaluates the ALJ's decision as the final word of the Commissioner of Social Security. *Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013). The Court will affirm the Commissioner's denial of disability benefits if it is supported by substantial evidence. *Craft v. Astrue,* 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). It must be "more than a scintilla but may be less than a preponderance." *Skinner v. Astrue,* 478 F.3d 836, 841 (7th Cir. 2007). Thus, even if "reasonable minds could differ" about the disability status of the claimant, the Court will affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue,* 529 F.3d 408, 413 (7th Cir. 2008).

In this substantial evidence determination, the Court does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute the Court's own judgment for that of the Commissioner. *Lopez v. Barnhart,* 336 F.3d 535, 539 (7th Cir. 2003). The Court does, however, critically review the record to ensure that the ALJ's decision is supported by the evidence and contains an adequate discussion of the issues. *Id.* The ALJ must evaluate both the evidence favoring the claimant as well as the evidence favoring the claim's rejection; he may not ignore an entire line of evidence that is contrary to his findings. *Zurawski v. Halter,* 245 F.3d 881, 887 (7th Cir. 2001). The ALJ must also "articulate at some minimal level his analysis of the evidence" to permit informed review. *Id.* Ultimately, while the ALJ is not required to address every piece of evidence or testimony presented, he must provide a "logical bridge" between the evidence and his conclusions. *Terry v. Astrue,* 580 F.3d 471, 475 (7th Cir. 2009).

**C. Standard for Disability**

Disability benefits are available only to individuals who are disabled under the terms of the Social Security Act. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). A claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations contain a five-step test to ascertain whether the claimant has established a disability. 20 C.F.R. §§ 404.1520, 416.920. These steps require the Court to sequentially determine:

1. Whether the claimant is currently engaged in substantial gainful activity;
2. Whether the claimant has a medically severe impairment;

3. Whether the claimant's impairment meets or equals one listed in the regulations;

4. Whether the claimant can still perform relevant past work; and

5. Whether the claimant can perform other work in the national economy.

*Id.; Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001).

At step three, if the ALJ determines that the claimant's impairment or combination of impairments meets or equals an impairment listed in the regulations, the Commissioner acknowledges disability. *See* 20 C.F.R. §§ 404.1520, 416.920. However, if a listing is not met or equaled, the ALJ must assess the claimant's residual functional capacity ("RFC") between steps three and four. The RFC is then used to determine whether the claimant can perform past work under step four and whether the claimant can perform other work in society at step five. *See id.* The claimant has the burden of proof in steps one through four, while the burden shifts to the Commissioner at step five to show that there are a significant number of jobs in the national economy that the claimant is capable of performing. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004).

**D. Discussion**

Mr. Murray argues there are two errors which require remand. First, he argues the ALJ's RFC assessment is incomplete and inadequately supported by the record. Specifically, the ALJ allegedly failed to account for all of Mr. Murray's demonstrated limitations. Second, he argues the ALJ improperly discounted Mr. Murray's subjective symptoms allegations as the ALJ failed to provide a rational explanation for her conclusions and reached contradictory conclusions. The Court finds that Mr. Murray succeeds on his first argument and that a remand is required. As

such, the Court will not address his remaining argument and leave it to be resolved on rehearing if necessary.

Regarding the first argument, the Court finds that the ALJ's RFC assessment fails to clearly account for all of Mr. Murray's demonstrated limitations. Specifically, the Court finds that the ALJ's RFC assessment does not account for limitations to Mr. Murray's ability to concentrate, persist, or maintain pace in a work setting. To begin, the ALJ found that Mr. Murray had moderate limitations in his ability to concentrate, persist, or maintain pace. (R. at 18.) This finding is supported by evidence in the record. (*See e.g.*, R. at 333 (report of consultative examiner Dr. Rehmel), 41–43 (Mr. Murray's testimony).) However, the ALJ's proposed RFC does not reflect this limitation. As Mr. Murray correctly argues, the ALJ's proposed limitations that he can carry out "simple instructions and make simple work-related decisions … [and] can tolerate occasional changes in work setting" do not address his concentration, persistence, or pace limitations.[1] (R. at 19.)

While ALJs are not required to use any "magic words" in formulating an RFC, their assessment must incorporate all the claimant's limitations supported by the medical record including limitations in concentration, persistence, or pace. *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021) (citing *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019)). These limitations must then be included in the hypotheticals which the ALJ poses to the VE. Additionally, while the ALJ need not address every piece of evidence in the record, she must sufficiently articulate

---

[1] The Court would note this formulation is almost identical to the one crafted by the ALJ in *Dula A. v. Saul*, which our sister court found to be inadequate to account for moderate limitations in concentration, persistence, and pace. No. 18-CV-4253, 2019 WL 3386998, *5 (N.D. Ill. July 26, 2019) (finding the claimant was "limited to understanding, remembering and carrying out no more than simple, routine tasks in jobs that required no public contact…"). While *Dula A.* is not binding precedent, the Court finds our sister court's reasoning highly persuasive in its application of governing Seventh Circuit precedent.

her reasoning to provide a logical bridge between the evidence and her conclusions. *Terry*, 580 F.3d at 475.

The Seventh Circuit has repeatedly held that in most cases, employing terms such as "simple, repetitive tasks" on their own do not adequately inform the VE of a claimant's limitation regarding concentration, persistence, and pace. *Winstead v. Berryhill*, 923 F.3d 472, 477 (7th Cir. 2019) (collecting cases); *see also Moreno v. v. Berryhill*, 882 F.3d 722, 730 (7th Cir. 2018) (limitations of "simple work instructions, simple work place judgements," and "routine work limitations" were insufficient). This is because a person's ability to perform simple work is distinct from his ability to maintain the concentration needed to sustain his performance of tasks for an extended period of time. *Dula A. v. Saul*, No. 18-CV-4253, 2019 WL 3386998, *6 (N.D. Ill. July 26, 2019) (internal citations omitted); *see also O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010) ("The ability to stick with a given task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity."). Unexplained reliance on this generic language is an error which requires remand. *Id.* at 476–77.

The ALJ's decision runs afoul of this rule. While the ALJ noted that Mr. Murray had a moderate limitation in his ability to concentrate, persist, and maintain pace in a work setting, the only language in her RFC which could potentially address this limitation is the language about his ability to understand simple instructions and make simple work-related decisions. (*See* R. at 19.) The ALJ's decision does not further define these terms or otherwise explain how they account for the issues of concentration, persistence, and pace. The ALJ then utilized this RFC in creating the hypothetical she presented to the VE. (R. at 58–59.) Consequently, the VE relied on an incomplete picture of Mr. Murray's limitations in formulating her answers and may have reached a different outcome if the RFC had comprehensively stated his limitations.

That said, there is an exception to this general rule. When the record, either through ALJ explanation or a medical opinion, indicates that a limitation to unskilled work addresses the underlying symptoms, then that can be sufficient to avoid a reversible error. *Gary R. v. Kijakazi*, No. 20-CV-6109, 2022 WL 4607581, *17 (N.D. Ill. Sept. 30, 2022) (collecting cases). The Court concludes that this exception is not applicable here. As previously noted, the ALJ did not explain how these general terms adequately account for Mr. Murray's limitations. Nor did she rely on a medical opinion which offered such an explanation.

Moreover, the Commissioner does not address this issue in his response brief. While Mr. Murray devotes several pages of his brief to discussing why the ALJ did not adequately consider Mr. Murray's concentration, persistence, and pace limitations, the Commissioner's response does not expressly address this argument. Rather, the Commissioner simply directs the Court to the fact the ALJ mentioned the report of consultative examiner Dr. Rehmel which discussed limitations in concentration, persistence, and pace. (DE 22 at 8.) This statement is true enough but does not address the problem that the ALJ did not incorporate these findings, which she found to be "generally persuasive," into her RFC. (*See* R. at 22.) Merely referring to the existence of evidence in the record does not explain how the ALJ used that evidence in formulating her RFC or how her use of generic language accounts for that evidence. Moreover, Dr. Rhemel's report does not explain how the problems with concentration, persistence and pace would be accommodated by a simple tasks limitation.

The Commissioner also seeks to cast fault onto Dr. Rehmel for not placing her conclusion that Mr. Murray's concentration and persistence "seemed" limited into "functional work limitations." (DE 22 at 8.)  That argument seems to further undermine any reliance by the ALJ on this decision to provide a logical bridge between Mr. Murray's limitations and the

7

restrictions imposed by the RFC. This also misses the larger issue that the ALJ herself concluded Mr. Murray had a moderate limitation in concentration, persistence, and pace - a finding corroborated by evidence in the record including Dr. Rehmel's report, and the symptoms reported by Mr. Murray and his mother - but the ALJ did not explain how she accounted for that limitation in her RFC. (*See e.g.*, R. at 41–43.) Consequently, there is no logical bridge between the evidence in the record and the ALJ's ultimate conclusions. The ALJ needed to address in her RFC all of the limitations which she had found to exist or explain why she was disregarding this line of evidence. Neither occurred in this case. Consequently, the Court cannot conclude her decision is supported by substantial evidence and must order a remand.

The Court also finds that the omission of some of Mr. Murray's mental impairments from the RFC is not harmless error as the proper consideration of the impairments could have resulted in a different outcome. *Wilder v. Kijakazi*, 22 F.4th 644, 654 (7th Cir. 2022) (An error is harmless if the ALJ would have reached the same result even without the error). As previously discussed, ALJs are required to consider all impairments in the aggregate in constructing an RFC, regardless of the severity of any individual impairment. *Terry*, 580 F.3d at 477; *Golemiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003) (holding ALJs must consider a claimant's impairments in the aggregate). Further, other courts within this District have held that "even mild limitations in understanding, remembering or applying information and concentrating, persisting or maintaining pace can impact an individual's ability to perform past semi-skilled work." *John P. v. Saul*, 2019 WL 4072118 at *4 (N.D. Ind. Aug. 28, 2019) (citing *Winfield*, 2013 WL 692408 at *3). Therefore, the ALJ's reliance on generic language which does not incorporate Mr. Murray's limitations regarding concentration, persistence, and pace cannot be considered harmless error.

**E. Conclusion**

Accordingly, for the reasons stated herein, the Court REVERSES the Commissioner's decision and REMANDS this matter to the Commissioner for further proceedings consistent with this opinion. The Clerk is DIRECTED to prepare a judgment for the Court's approval.

SO ORDERED.

ENTERED: January 11, 2024

>           /s/ JON E. DEGUILIO
> Judge
> United States District Court